"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LEO COOK, | Case No. CV 05-2910-MLG |
| Plaintiff, | ORDER REVERSING DECISION OF COMMISSIONER |
| v. | |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | |
| Defendant. | |

The Court now rules as follows with respect to the three disputed issues identified in the Joint Stipulation.[1]

For the reasons stated by the Commissioner at pages 9-13 of the Joint Stipulation, the Court rejects Plaintiff's contention that the Administrative Law Judge ("ALJ") failed to properly assess whether Plaintiff's work as a maintenance supervisor qualified as "past relevant

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

work." Moreover, for the reasons stated by the Commissioner at pages 28-30 of the Joint Stipulation, the Court also rejects Plaintiff's contention that the ALJ failed to propound a complete hypothetical question to the vocational expert.

However, the Court agrees with Plaintiff that the vocational expert's testimony did not constitute "substantial evidence" upon which the ALJ could properly rely in support of his finding that Plaintiff retained the Residual Functional Capacity (RFC) to perform his past relevant work as a security guard. To the extent that the vocational expert was opining that a hypothetical person whose physical impairment limited him to performing "light exertion with limited overhead reaching with the left upper extremity" was capable of performing the job of security guard under the Dictionary of Occupational Titles ("DOT") at section 372-667-034, the vocational expert's testimony was erroneous in that it constituted a deviation from the job requirements set forth in the DOT. The DOT describes "security guard" as requiring frequent use of the upper extremities to reach, that is, from one-third to two-thirds of the time while at work. Social Security Ruling[2] 00-4p requires that, when there is an apparent unresolved conflict between the vocational expert's testimony and the DOT, the ALJ must clarify the discrepancy. The ALJ did not do so here. See also Light v. Social Security Administration, 119 F.3d 789, 793 (9th Cir. 1997) (reversing inter alia on the ground that the job categories the ALJ found suitable for the claimant were all inconsistent with the claimant's documented impairments, including his poor reasoning skills, and neither the ALJ

---

[2] The Ninth Circuit has stated that Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

nor the vocational expert had explained the reason for departing from the DOT); Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995) (making "explicitly clear" that "an ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation.").

The Court further notes that the record is completely devoid of any evidence supporting the ALJ's implicit finding that, with a physical impairment that limited his reaching, Plaintiff was capable of performing his past relevant work as previously performed. The Commissioner asserts that Plaintiff was capable of performing this job as he actually performed it because in his claim for benefits, Plaintiff stated that his security guard work only required him to walk and write reports, thereby indicating he did not engage in any overhead reaching as a security guard. (Joint Stipulation at 23-24; AR at 83). After reviewing the record, the Court finds that the Commissioner has misstated Plaintiff's description. First, Plaintiff did not state that he *only* walked and wrote reports, but rather that the job included these activities. Moreover, in his "Disability Report-Adult" completed October 2, 2003, for the Social Security Administration, Plaintiff stated that the security guard job required him to "reach" 4 hours out of every day, as the job required him to "walk around and check on doors and locks and make sure everything was locked." (AR at 73-74). Therefore, the record does not support the contention that Plaintiff was capable of performing his past relevant work as previously performed.

\\
\\
\\
\\

## Order

The decision whether to remand for further proceedings is within this Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003); *see also Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003)(remanding case for reconsideration of credibility determination).

This is a case in which further administrative proceedings would be useful in that the record has not been fully developed. Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security, and remanding this matter for completion of the sequential evaluation process.

DATED: April 12, 2006        /S/ Marc L. Goldman

Marc L. Goldman
United States Magistrate Judge